UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RYAN J. MORAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:06-0103 |
| v. ) | Judge Echols/Brown |
| ) | |
| TONY PARKER, Warden, ) | |
| ) | |
| Defendant ) | |

TO: The Honorable Robert L. Echols

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the motion to dismiss the petition for writ of habeas corpus (Docket Entry 15) be **GRANTED** on the grounds that this petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

### I. Background

The Petitioner, Ryan J. Moran, is incarcerated at the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee. It appears that he originally filed a *pro se* petition on August 7, 2006, with the United States District Court for the Western District of Tennessee. That Court issued a deficiency notice on November 16, 2006, directing the Petitioner to file an *in forma pauperis* affidavit or pay the filing fee and also pursuant to Rule 2(d) of the Federal Rules governing 2254 cases, to submit his petition on an official form.

It appears that the Petitioner filed his amended petition with that Court on December 6, 2006, and paid the filing fee on December 7, 2006 (Docket Entry 6-5).

Pursuant to standard court policy, the Western District Court transferred the matter to the Columbia Division of this Court inasmuch as the Petitioner was convicted in Giles County, Tennessee Circuit Court.

The Petitioner's amended petition is therefore the one before the Court at the present time.  In his amended petition (Docket Entry 6-3), the Petitioner alleges that he pled guilty to especially aggravated kidnaping, attempted first degree murder, and especially aggravated robbery.  He admits that he took a direct appeal in this case claiming that the sentence was excessive because the Court erred in applying enhancement and mitigating factors and that the Court erred in ordering the twenty-five year sentences for each of the three counts to run consecutively for an effective sentence of seventy-five years.  The Tennessee Court of Criminal Appeals affirmed the trial court's sentence in this matter on December 1, 1997 (Docket Entry 15-1, Ex. A, 1997 WL 742520).  No appeal to the Tennessee Supreme Court or to the United States Supreme Court was taken from this decision.  Petitioner alleges in Docket Entry 6-3, par. 10 that he did subsequently file a request for post-conviction relief with the Giles Count Circuit Court alleging, "Ineffective assistance of counsel; excessive sentence; that the plea agreement was for thirty years; trial court erred in running the sentence consecutively; that due process concerns require the statute of limitations to be tolled."  The Petitioner

2

alleges that he also filed a motion to reopen post conviction relief in the Circuit Court of Giles County, alleging, "The trial court erred in applying enhancement factors without submitting them to a jury or allowing petitioner to waive jury consideration." There is some confusion in Docket Entry 6-3, p. 4,¶ (c), as to whether there was a third petition, application, or motion filed. Although nothing is filled in for the nature of the proceedings, there is a statement at the top of page 6 that there was no hearing, but this third proceeding was affirmed. Then in paragraph 6(d) on page 6, there is an indication that no appeal was taken on the first petition, an appeal was taken in the second petition, and no appeal was taken in the third petition.

From a review of the decision of the Court of Criminal Appeals, Docket Entry 15, Ex. B, 2005 WL 711892 which is quoted below, it appears that the Petitioner filed a writ of error coram nobis on February 1, 2004, and on February 23, 2004, a petition for post-conviction relief. The petition for post-conviction relief was summarily dismissed on February 25, 2004, and the petition for writ of error coram nobis was dismissed on February 5, 2004. It further appeared that the Petitioner appealed only the dismissal of his post-conviction relief.

> On February 1, 2004, the Petitioner filed a writ of error coram nobis, alleging ineffective assistance of counsel and requesting a new sentencing hearing. On February 23, 2004, the Petitioner filed a petition for post-conviction relief in which he alleged:
>
> (1) that his sentence amounted to cruel and unusual punishment;

3

> (2) that his plea was 'for thirty years at thirty
> percent,' and the trial court improperly rejected the
> plea and sentenced him to seventy-five years;
>
> (3) that the trial judge sentenced him to an excessive
> sentence;
>
> (4) that the trial judge improperly ordered that his
> sentences run consecutively;
>
> (5) that the trial judge committed misconduct when it
> rejected the plea agreement and continued with
> sentencing;
>
> (6) that his trial attorney was ineffective for not
> appeal 'this issue;'
>
> (7) that the statute of limitations in Tennessee Code
> Annotated section 40-30-102 should be tolled in
> accordance with *State v. Burford*, 845 S.W.2d 204 (Tenn.
> 1992).
>
> On February 25, 2004, the post-conviction court summarily
> dismissed the Petitioner's petition, finding that it was
> barred by the statute of limitations. The post-
> conviction court found that the final judgment in the
> Petitioner's case was entered on February 12, 1996,[1] and
> the post-conviction petition was not filed until February
> 23, 2004. On May 5, 2004, the trial court dismissed the
> Petition of writ of error coram nobis. In this appeal,
> the Petitioner appeals only the post-conviction court's
> dismissal of his petition for post-conviction relief.

(Docket Entry 15, Ex. B)

The Court of Criminal Appeals considered the matter and held that under State procedure (T.C.A. 40-30-102(a)) that the claims were time-barred. The Court of Criminal Appeals held that

---

[1] Although this opinion refers to a final judgment on the criminal case as being entered on February 12, 1996, it appears that final judgment would have actually been entered in early 1998, when the time expired for the Petitioner to seek a further review of the Court of Appeals decision which was entered December 1, 2997, affirming his conviction (Docket Entry 15, Ex. A; Docket Entry 6-3, p. 3, ¶ 9(g)).

4

a decision on his direct appeal became final on December 1, 1997,[2] and he was required to file his petition for post-conviction relief within one year of December 1, 1997, but that he did not do so until February 23, 2004, over six years after the filing deadline. They concluded that none of the exceptions to the bar of the statute of limitations applied in his petition, that his petition was time-barred and therefore properly denied. The headnote to this case states that an application for permission to appeal this decision was denied by the Tennessee Supreme Court on August 22, 2005. A search of Westlaw reveals that the Petitioner filed a petition for habeas corpus with the Circuit Court of Lauderdale County on December 27, 2005, alleging that his conviction in sentencing for the offense of especially aggravated kidnaping is illegal and void for failing to allege that the crime was accomplished by a deadly weapon. The trial court denied the petition on January 13, 2006, finding that the indictment was sufficient. An appeal was taken from this decision to the Court of Criminal Appeals which affirmed the Circuit Court (2006 WL 1491441). Application for permission to appeal was denied by the Tennessee Supreme Court on October 16, 2006. A copy of the Court of Criminal Appeals' opinion is attached to this Report and Recommendation.

---

[2]The Magistrate Judge calculates that the decision on the direct appeal in this matter became final on either January 30, 1998, or February 1, 1998, which would have been sixty days after the release of the Court of Appeals' opinion. In any case even using the latest date of February 1, 1998, it is clear the State claims were time-barred.

5

In his petition (Docket Entry 6-3, par. 12) the Petitioner alleges the following grounds for this petition for habeas corpus:

(1) that the trial court impermissibly enhanced and relied upon enhancement factors to sentence Petitioner consecutively and for the maximum sentence allowed without a jury finding that the enhancement factors applied and that they had been proven beyond a reasonable doubt;

(2) that the trial court found the Petitioner guilty of especially aggravated kidnaping, although the indictment failed to allege the offense of especially aggravated kidnaping;

(3) that the trial court failed to insure that the Petitioner understood the rights that were being waived by pleading guilty to the offense contained in the indictment and failed to inform the Petitioner of the sentence that would be received upon pleading guilty and had Petitioner been informed that he would receive the maximum sentence allowed by law, he would not have pleaded guilty; and

(4) that counsel was ineffective for not raising the issues contained in this petition, and had counsel raised the issues on direct appeal, Petitioner's conviction would have been overturned and the Petitioner would not have pled guilty.

The Court of Appeals' opinion on direct appeal (Docket Entry 15-1, Ex. A) sets out in great detail the Petitioner's actions which led to this seventy-five year sentence. The

6

Petitioner carjacked the car of the victim with a loaded, sawed-off shotgun, which he placed at the victim's throat and, after obscene threats, required the victim to move to the passenger seat of his new Jeep Cherokee. The Petitioner then drove the Jeep with his victim in it to a remote area. During the ride the Petitioner continually poked and threatened the victim with the sawed-off shotgun and stole the six dollars the victim had in his pocket. He then told the victim he would release him, but as the victim thanked him for being released, the Petitioner shot the victim in the back of the head with the sawed-off shotgun and left him in a remote area, bleeding and unconscious. Fortunately, the victim was finally able to crawl to the roadway above him, where he was discovered and help was summoned. The victim still has lasting injuries from the unprovoked assault perpetrated on his person by the Petitioner. The Petitioner apparently totaled the brand new Jeep within a week and was subsequently captured and entered his plea of guilty.

## II. Legal Discussion

The State in their motion to dismiss (Docket Entry 15) argues that the Petitioner is not entitled to relief since more than one year passed from the date upon which the conviction became final. *Austin v. Mitchell*, 2000 F.3d 391, 393 (6th Cir. 1999) *cert. denied*, 120 S. Ct. 2211 (2000). Under 28 U.S.C. § 2244(d)(1)(A), a judgment or conviction becomes final at the conclusion of direct appeal or by the expiration of time within which the Petitioner may

seek such review.  It would appear that the Petitioner's conviction became final for AEDPA purposes by February 1, 1998,[3] inasmuch as he did not seek a review by the Tennessee Supreme Court or by the United States Supreme Court.

A properly filed petition for collateral review does toll the running of the one year statute of limitation.  28 U.S.C. § 2244(d)(2).  As the State correctly points out, if the time has already expired a subsequent State collateral attack will not restart or otherwise alter the running of the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The Magistrate Judge believes that the State is entirely correct in this contention.  As the Sixth Circuit pointed out in *Vroman* at page 602:

> The AEDPA limitations period may be tolled for that period of time 'during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2) (emphasis added). 'The tolling provision does not, however, "revive" the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.'  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

In this case, under any conceivable reading of the record, the Petitioner's one-year time to file for federal habeas corpus relief had long since expired before he filed his first State post-conviction relief pleading on February 1, 2004.

---

[3]The Magistrate Judge has used the latest date possible in this analysis.

8

The Petitioner did file a response to the State's motion to dismiss (Docket Entry 16). The response in no way helped his case. He complains that the State's motion to dismiss his petition is untimely and is without merit. The Respondent requested additional time to answer or to file other responsive pleadings on March 9, 2007 (Docket Entry 13), and the District Judge granted the Respondent until May 8, 2007, to file an answer or other pleading (Docket Entry 14). Hence, the motion to dismiss (Docket 15) was timely filed on May 8, 2007.

Next, the Petitioner complains that the Respondent has failed to file State Court proceedings as required by the rules governing federal habeas corpus. Again, this objection is without merit. The State has cited the opinions of the Tennessee Courts which set out the dates of various filings and rulings. There is no need at this stage of the proceeding to provide the entire record of the trial.

Finally, the Petitioner contends that post-conviction statute of limitations utilized by the State Courts is not adequate or independent to bar federal review. Again, this objection is without merit. This petition is not barred by State statute of limitations, it is barred by the AEDPA itself. In this case, the Petitioner allowed far more than a year to elapse from the time his conviction became final on direct appeal to the time he filed his first State post-conviction relief petition in 2004. The Federal Statute of Limitations had fully run. Later State post-conviction

9

relief applications have no effect to re-start it. *Allen v. Yukins* 366 F.3d, 396 (6th Cir. 2004).

Although not directly raised by the Petitioner, the Magistrate Judge has considered the possibility of equitable tolling in this matter. The Sixth Circuit in the *Yukins* case set out a list of factors which could be considered for equitable tolling

> A court must consider the following factors in deciding whether equitable tolling should apply: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. *Dunlop v. United States*, 250 F.3d 1001, 1008 (6th Cir.) cert. denied, 534 U.S. 1057 (2001).

*Yukins* at 401.

The Court further noted that absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified. *Yukins* at 401-2.

In this case, the Respondent has made no showing that any of these factors are applicable during the six years from February of 1998, until February of 2004. The Petitioner has made no claim of actual innocents. He has made no claim that he was unaware of the statute of limitations or any showing why he was not diligent in pursuing his rights.

Under all of these circumstances, the Magistrate Judge can only conclude that the petition is barred by the one-year statute of limitations contained in the AEDPA.

10

### III. Recommendations

For the reasons stated above, the Magistrate Judge recommends that this petition be dismissed as time-barred. If this Report and Recommendation is adopted by the District Judge, it is further recommended that a certificate of appealability (28 U.S.C. 2253(c)) should not issue as any appeal would not be taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Judge. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 30th day of May, 2007.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge